UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                :
DON SHIRLEY ROWE SCOTT,                  :

                    Plaintiff,        :        11-cv-4167 (NSR)(PED)
  -against-                                 :
                                :        OPINION AND ORDER
THE VILLAGE OF SPRING VALLEY,      :
COUNTY OF ROCKLAND and SPRING  :
VALLEY POLICE DEPARTMENT,         :
                                :
                    Defendants.   :
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Don Shirley Rowe Scott ("Plaintiff") brought this action alleging excessive force in his detention in violation of 42 U.S.C. §1983. Plaintiff now asks the Court to overturn an order (the "Order") issued by Magistrate Judge Paul E. Davison, to whom this matter was referred for general pretrial proceedings, which denied Plaintiff's motion to amend the complaint to add parties Oscar Lopez and Joseph Brown, Village of Spring Valley Police Department Police Officers as Defendants in this action, as well as certain factual allegations that Officers Brown and Lopez applied handcuffs to Plaintiff, detained Plaintiff, and caused Plaintiff's injuries. For the reasons set forth below, the Court DENIES Plaintiff's request.

    **I.  Background**

    Plaintiff claims that on June 3, 2010, he was lawfully operating his vehicle when he was stopped in front of his residence by officers of the Village of Spring Valley Police Department. Plaintiff claims that the officers used excessive force in arresting Plaintiff, causing injury to his right shoulder that required surgery. Aff. in Supp. ¶7. Plaintiff's complaint was filed in New

1

York State Supreme Court, Rockland County on June 2, 2011. The complaint describes the actions of individual police officers but names only the Village of Spring Valley and the Village of Spring Valley Police Department as defendants. The matter was removed to the Federal Court for the Southern District of New York on June 17, 2011.

Defense counsel provided a list of the names of individual officers participating in the arrest, which named Officers Lopez and Brown, to Plaintiff's counsel on September 21, 2011. Mem. in Opp'n 5. Plaintiff conducted depositions of the individual officers involved in the arrest, including Officers Brown and Lopez who were deposed on December 7, 2012 and February 7, 2013, respectively. Aff. in Supp. ¶8. On May 13, 2013, the parties informed Judge Davison that all discovery had been completed. Defendants submitted a pre-motion letter seeking permission to move for summary judgment on June 21, 2013. On July 30, 2013, Plaintiff sought leave to amend the complaint to add Officers Brown and Lopez as defendants, after the statute of limitations on its claims arising from the June 3, 2010 incident had expired. Judge Davison denied Plaintiff's motion to amend on September 17, 2013. Plaintiff submitted its objections to Judge Davison's order on October 3, 2013. Defendant responded to Plaintiff's objections on October 18, 2013. Plaintiff notified the court of its intention to appeal the Order of Judge Davison on or before December 19, 2013 on October 21, 2013.

**II. Legal Standard**

Under 28 U.S.C. §636(b)(1)(A), a district court may refer certain non-dispositive pretrial matters pending before the court to a magistrate judge for determination. A motion to amend the complaint is considered a non-dispositive motion. *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *accord Reid v. St. Luke's-Roosevelt Hosp. Ctr.*, 94 Civ. 4676 (KMW), 1995 WL

125387, at *1 n.1 (S.D.N.Y. 1995) ("[I]t is well established that motions to amend generally are viewed as non-dispositive motions."). When a party submits objections to a magistrate judge's order, the district court must review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A). A decision is clearly erroneous where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's ruling is contrary to law if it "fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure." *Thai Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013) (internal citation omitted). "A showing that 'reasonable minds may differ on the wisdom of granting the [moving party's] motion' is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, No. 08 Civ. 5646(HB), 2009 WL 2150971, at *2 (S.D.N.Y. 2009) (citing *Cagle v. Cooper Cos., Inc.*, 91 Civ. 7828(HB), 1996 WL 514864, at *1 (S.D.N.Y. Sept. 10, 1996)).

This standard affords magistrate judges "broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (internal quotation omitted). Accordingly, "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, No. 09 Civ. 5843, 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010) (internal citation omitted).

**III. Analysis**

When a party seeks to amend a complaint after the time for amending as a matter of course has passed, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a party seeking to add a party after the statute of limitations on its claim has expired must rely on Rule 15(c), the federal rule that provides for relation back of claims. Fed. R. Civ. P. 15(c)(1). The Rule provides:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). The burden is on the plaintiff to show that the requirements of 15(c) are met. *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402, 430 (S.D.N.Y. 2005).

The parties do not dispute that the statute of limitations expired on the claim as against the proposed defendants. The Plaintiff's claim of excessive force under 42 U.S.C. §1983 arose from an incident that occurred on June 3, 2010. "In New York, claims brought under 42 U.S.C. §1983 must be brought within three years of the events giving rise to the cause of action." *Alvarez v. Strack*, No. 09 Civ. 1138(PGG), 2010 WL 4184480, at *2 (S.D.N.Y. 2010) (citing *Patterson v. Cnty. Of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004)). Thus, the statute of limitations

ran for Plaintiff's claims arising from the incident on June 3, 2013.  Plaintiffs sought leave to file the amended complaint on July 30, 2013, after the statute of limitations expired.  Thus, Plaintiff must show that the amendment relates back to the original complaint.  The parties do not dispute that the claim arose out of the same conduct, transaction, or set of occurrences, and Judge Davison did not err in finding the first prong of the relation back doctrine to be met.  Therefore, the two issues are (1) whether the proposed defendants received notice of the litigation within the 120-day period provided for by Rule 4(m) so that they will not be prejudiced in defending the action, and (2) whether the proposed parties knew or should have known that but for a mistake concerning their identity, they would have been named in the action.

     Plaintiff's first objection is to Judge Davison's finding that the parties were not on notice, nor were they imputed with notice, within the Rule 4(m) time period, or 120 days after the complaint was filed.  Fed. R. Civ. P. 4(m).  "Under the constructive notice doctrine, the court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is some showing that the attorney[] knew that the additional defendants would be added to the existing suit."  *Abdell v. City of New York*, 759 F. Supp. 2d 450, 455 (S.D.N.Y. 2010).  The basis of the constructive notice doctrine is that "the newly added defendant is not prejudiced by the lack of notice if his attorney has already begun preparing a defense for the named defendant during the limitations period."  *Velez v. Fogarty*, No. 06 Civ. 13186(LAK)(HBP), 2008 WL 5062601, at *6 (S.D.N.Y. Nov. 20, 2008).  Plaintiff asserts that the defendants had constructive notice because defense counsel had knowledge of the nature of the claim – a 42 U.S.C. §1983 excessive force claim – and provided the names of parties involved in the arrest from which the claim arose, including the names of the now-proposed defendants, within 120 days of the filing of the

5

complaint.[1]  At both Officer Brown's deposition on December 7, 2012 and Officer Lopez's deposition on February 5, 2013, defense counsel for the defendants named in the original complaint was present,[2] and thus there is similar representation.  What is missing, however, is a showing that defense counsel knew that the additional defendants would be added to this action.  Defense counsel provided Plaintiff with a list of all officers involved in the arrest shortly after the complaint was filed, but none were added to the complaint.  Judge Davison found that even if the proposed defendants did have constructive notice, the requirements of Rule 15(c)(1)(C)(ii) were not met and therefore the amendment cannot relate back.

Plaintiff's second objection to the Order is that the court erred in finding that the failure to add the proposed defendants was a mistake, as required for the application of the relation back doctrine.  Specifically, Plaintiff objects to the application of the case, *Abdell v. City of New York*, 759 F. Supp. 2d 450 (S.D.N.Y. 2010), to the instant set of facts in Judge Davison's Order.  The Supreme Court in *Krupski v. Costa Crociere, S.p.A.*, — U.S. —, 130 S. Ct. 2485 (2010) clarified what amounts to a "mistake," as opposed to a conscious decision under Rule 15(c)(1)(C)(ii).  The court stated,

> A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. Similarly, a

---

[1] In Plaintiff's motion to amend, Plaintiff misstates the issue as being "whether the police officer had notice within the statute of limitations period . . . ." Pl. Mem, 8.  Rule 15(c)(1)(c) clearly states that the party to be named as a defendant in the amendment received notice "within the period provided by Rule 4(m) for serving the summons and complaint," not within the statute of limitations period. Fed. R. Civ. P. 15(c)(1)(c).  (Note that Rule 15(c) was amended in 1991 to clarify just this distinction.  *See* Fed. R. Civ. P. 15(c) Advisory Comm. Notes (1991 Amendment)).  Plaintiff's reply brief acknowledges that constructive notice should be imputed on the proposed defendants because defense counsel "was aware of the names of the potential defendants to be added to this action . . . well within the 120-day limitations period under 4(m) as required by the relations back doctrine."  Pl. Reply. Affirm. ¶5.

[2] At Officer Lopez's deposition, he also had private counsel present. Pl. Affirm. in Supp. ¶16.

> plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

*Id* at 2494.  Further, "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Id* at 2496.  After *Krupski¸* it is clear that the determinative factor "is a potential *defendant's* reasonable beliefs regarding whether a plaintiff failed to name him because of a mistake." *Berry v. Vill. of Millbrook*, No. 09 Civ. 4234(KMK), 2010 WL 3932289, at *5 (S.D.N.Y. Sept. 29, 2010) (emphasis in original). As *Abdell* explains, "a mistake concerning the proper party's identity under Rule 15(c) includes lack of knowledge regarding the conduct or liability of that party." *Abdell*, 759 F. Supp. 2d at 457.

     Plaintiff argues that similar to the plaintiffs in *Abdell*, it was not aware of the role of Officers Lopez and Brown until those officers were deposed.  Judge Davison's Order was not clearly erroneous or contrary to law in finding that the facts of *Abdell* are distinguishable from this case.  In *Abdell*, the court allowed the plaintiffs to amend the complaint after the statute of limitations expired because the court found that, although plaintiffs were aware of the existence of the proposed defendant, plaintiffs lacked knowledge of the role that the defendant played in the arrest until the defendant was deposed.  In this case, Plaintiff's complaint alleging excessive force under 42 U.S.C. 1983 describes the conduct of the police including that he was "followed by police," "pulled over by police," "forcibly removed from [the car]," and "forcibly handcuffed

with his arms twisted behind his back." Pl. Compl. ¶11.  Plaintiff was clearly aware that there were individual officers involved in his arrest, and yet named only municipal entities in his complaint.  "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995); *see also Morales v. Cnty. of Suffolk*, No. 10 Civ. 3686(ADS)(ARL), 2013 WL 3388387 (E.D.N.Y. July 6, 2013) (finding that *Barrow* remains good law in the wake of *Krupski*).  Judge Davison found that the plaintiffs in this case were not mistaken about the roles or conduct of individual officers like the plaintiffs in *Abdell*.  This determination is not clearly erroneous or contrary to law.

Further, "the focus of the Rule 15 inquiry is a potential *defendant's* reasonable beliefs regarding whether a plaintiff failed to name him because of a mistake." *Berry v. Vill. of Millbrook*, No. 09 Civ. 4234(KMK), 2010 WL 3932289, at *5 (emphasis in original).  Officers Brown and Lopez had no reason to believe that the failure to name them in the complaint was because of a mistake given Plaintiff's actions.  Plaintiff was in possession of the names of all officers involved in the arrest in September 2011, deposed the officers in December 2012 and February 2013, and still did not seek to amend the complaint before the statute of limitations arose in June 2013.  From the officers point of view, this conduct "compel[s] the conclusion" that the failure to name Officers Lopez and Brown in the complaint was the result of deliberate choice, not a mistake.

### IV. Conclusion

The Court has reviewed the full factual record in this case, including the parties' pleadings and accompanying exhibits, as well as Magistrate Judge Davison's Order and the

applicable legal authorities, and concludes that the findings, reasoning, and legal support contained in the Order are not clearly erroneous or contrary to law. Accordingly, the Court DENIES the Plaintiff's request to modify or set aside the Order. Accordingly, the Order is affirmed and Plaintiff's objections (Dock. 46) are denied.

Dated: October 28, 2013
White Plains, New York

SO ORDERED:

_____ 10/28/13
NELSON S. ROMÁN
United States District Judge